UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHNATHAN L. THOMAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 3:19-CV-372 |
| | )          3:18-CR-006 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM OPINION

Before the Court is Johnathan L. Thomas' ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 361].[1] The United States has responded in opposition [Doc. 8]. Petitioner filed a reply [Doc. 12]. Petitioner has also filed a motion for order granting § 2255 motion [Doc. 11] and a motion to expedite [Doc. 14] which are pending before this Court. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 361] will be **DENIED**, his motion to grant [Doc. 11] will be **DENIED**, and his motion to expedite [Doc. 14] will be **DENIED as MOOT**.

## I. BACKGROUND

In February 2018, Petitioner and thirteen co-defendants were charged in a seven-count indictment pertaining to conspiracy and distribution of 50 grams or more of

---

[1] Document numbers not otherwise specified refer to the civil docket.

methamphetamine, along with related gun charges and forfeiture allegations. [Crim. Doc. 3]. Petitioner was named in four counts. [*See id.*].

On September 11, 2018, Petitioner entered into a plea agreement with the government. [Crim. Doc. 198]. Petitioner agreed to plead guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) and one count of aiding and abetting the possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). [*See id.*] The plea agreement was signed by Petitioner and attorney Kimberly A. Parton.

In his plea agreement, Petitioner acknowledged that between June of 2017 and February 6, 2018, in the Eastern District of Tennessee, and elsewhere, Petitioner did knowingly, intentionally, and without authority, conspire with at least one other person to distribute at least 500 grams but less than 1.5 kilograms of actual methamphetamine, a Schedule II controlled substance. Petitioner also possessed a firearm in furtherance of his drug trafficking activities. [*Id.* at 3]. Petitioner also acknowledged that the Court would impose sentencing. [*Id.* at 5].

The Court conducted a change of plea hearing on September 17, 2019. Although there is no transcript of that hearing in the record, the minutes from the hearing indicate that Petitioner was arraigned and specifically advised of his right, that his motion to change plea to guilty was granted, that he waived the reading of the Indictment, that he pled guilty to Counts 1 and 6 of the Indictment, that the Government moved to dismiss the remaining count at sentencing, that Petitioner was referred for a Presentence Investigative Report, and that he was to remain in custody until his sentencing hearing. [Crim. Doc. 200].

The Revised Presentence Investigation Report ("PSR") calculated a total offense level of 31 and a criminal history category of III, resulting in a guideline range of 195 to 228 months' imprisonment, including a mandatory consecutive sentence for a minimum of 60 months' imprisonment for Count 6. [Crim. Doc. 331, ¶ 72].

The government filed a notice of no objections to the PSR. [Crim. Doc. 251]. The government also filed sentencing memorandum wherein it concurred with the PSR's calculation of Petitioner's offense level and criminal history and asserted that the restricted guideline range was 300 months. [Crim Doc. 376]. The United States also indicated its intent to file a motion for downward departure based on Petitioner's substantial assistance. [*Id*.]. The United States filed a motion for downward departure, recommending a three-level reduction from Petitioner's restricted guideline range, resulting in a new guideline range of 188 to 235 months' imprisonment and requesting a sentence at the bottom of that range. [Crim. Doc. 255].

Petitioner, through counsel, also filed a notice of no objections to the PSR. [Crim. Doc. 248]. Petitioner, through counsel, filed a sentencing memorandum, requesting the Court sentence Petitioner lower than the sentencing range in the PSR based on the anticipated motion for downward departure that the United States was expected to file. [Crim. Doc. 256].

On February 27, 2019, the Court sentenced Petitioner to a total of 151 months' imprisonment and then five years of supervised release. [Crim. Doc. 334]. Petitioner did not file a direct appeal, but on September 23, 2019, he filed this timely § 2255 motion.

II.     STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A

4

motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner seems to raise three claims in this § 2255 motion: 1) five grounds of ineffective assistance of counsel related to a Fourth Amendment search and seizure, 2) that there was no reasonable suspicion to stop his vehicle, and 3) that there was an illegal search of his vehicle without a warrant. [Doc. 1; Crim. Doc. 361]. The Court will first address Claims 2 and 3 together, then Claim 1, followed by Petitioner's non-dispositive motions.

### A. Claims 2 and 3 – Fourth Amendment Issues

### a. Threshold Standard for Post-Conviction Relief

Because Petitioner's Claims 2 and 3 pertain to the same search and seizure, the Court will group these claims together. Petitioner claims that there was no reasonable suspicion for the officer to stop his vehicle because he did not use radar equipment to track Petitioner's speed and did not have Petitioner's consent or a warrant to search Petitioner's car during the traffic stop. [Doc. 1]. The United States responds that Petitioner's claims are procedurally defaulted, not cognizable on review, and waived by his guilty plea. [Doc. 8].

As stated above, Petitioner must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett*, 334 F.3d at 496-97; *Moss*, 323 F.3d at 454. Petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed*, 512 U.S. at 353. Here, Petitioner has not met his burden.

First, Petitioner raises Fourth Amendment claims which cannot be raised as free-standing claims in collateral proceedings. *Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013) (holding that Fourth Amendment Violations are not reviewable in a § 2255 motion absent a showing that the prisoner denied an opportunity for full and fair litigation of these claims at trial and on direct appeal). Second, by entering a valid guilty plea pursuant to an unconditional plea agreement, Petitioner waived his right to challenge the legality of the evidence seized. *See United States v. Simpson,* 78 Fed. App'x. 523, 524–25 (6th Cir. 2003); *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001). Petitioner could have chosen to litigate these claims, but instead chose to enter an unconditional plea agreement.

*United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008) ("[A] voluntary and unconditional guilty plea bars any subsequent non-jurisdictional attack on the conviction." (internal quotations omitted). Thus, Claims 2 and 3 are not cognizable on review and will be **DENIED**.

### b. *Procedural Default*

Petitioner failed to raise the issues presented in Claims 2 and 3 on appeal. Thus, Petitioner is procedurally defaulted from bringing these claims. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.") (citing *United States v. Frady*, 456 U.S. 152, 167-168 (1982), and *Bousley v. United States*, 523 U.S. 614, 621–22 (1998)). However, Petitioner can overcome the default by showing cause and prejudice.

Here, Petitioner has not attempted to show cause or prejudice for failing to raise these issues on appeal, nor has Petitioner attempted to show that he is actually innocent. *Bousley*, 523 U.S. at 622-23. Accordingly, Claims 2 and 3 will be **DENIED** as procedurally defaulted.

### c. *Collateral Attack Waiver*

Claims 2 and 3 are also barred by Petitioner's collateral attack waiver in his Plea Agreement. When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he is precluded from bringing such claims. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing to *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). A waiver in a plea agreement is generally considered knowing and

7

Case 3:18-cr-00006-RLJ-DCP Document 619 Filed 12/22/21 Page 7 of 15 PageID #: 4521

*United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008) ("[A] voluntary and unconditional guilty plea bars any subsequent non-jurisdictional attack on the conviction." (internal quotations omitted). Thus, Claims 2 and 3 are not cognizable on review and will be **DENIED**.

### b. *Procedural Default*

Petitioner failed to raise the issues presented in Claims 2 and 3 on appeal. Thus, Petitioner is procedurally defaulted from bringing these claims. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.") (citing *United States v. Frady*, 456 U.S. 152, 167-168 (1982), and *Bousley v. United States*, 523 U.S. 614, 621–22 (1998)). However, Petitioner can overcome the default by showing cause and prejudice.

Here, Petitioner has not attempted to show cause or prejudice for failing to raise these issues on appeal, nor has Petitioner attempted to show that he is actually innocent. *Bousley*, 523 U.S. at 622-23. Accordingly, Claims 2 and 3 will be **DENIED** as procedurally defaulted.

### c. *Collateral Attack Waiver*

Claims 2 and 3 are also barred by Petitioner's collateral attack waiver in his Plea Agreement. When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he is precluded from bringing such claims. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing to *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). A waiver in a plea agreement is generally considered knowing and

voluntary if a defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement terms. *Id*. An exception to the general rule exists if the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, in situations where the § 2255 motion does not articulate a basis for attacking the validity of the waiver, the Sixth Circuit and lower courts within the Circuit have upheld collateral attack waivers if the waivers were knowing and voluntary. *Watson v. United States*, 165 F.3d at 486, 489 (6th Cir. 1999); *United States v. Eversole*, No. 6:05-cr-34, 2010 WL 420067, at *2, n.3 (E.D. Ky. Feb. 1, 2010).

In this case, Petitioner signed a Plea Agreement containing the following waiver provision: "[t]he defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a §2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel." [Crim. Doc. 198, p. 8].

Petitioner does not challenge the validity of the actual waiver, suggest that he did not understand the waiver, or claim that he did not sign it voluntarily. Accordingly, because Petitioner is not attacking the validity of the plea itself, and because he expressly waived the right to collaterally attack his conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct, Claims 2 and 3 are barred by the knowing and voluntary waiver contained in the binding Plea Agreement. *See Davila*, 258 F.3d at 451. Accordingly, Petitioner's Claims 2 and 3 will be **DENIED** as procedurally defaulted, not cognizable on review, and barred by his collateral attack waiver.

### B. Claim 1 – Ineffective Assistance of Counsel

As stated above, Petitioner's claims of ineffective assistance of counsel are not barred by his collateral attack waiver. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The

9

movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id*. at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Petitioner argues that his counsel was ineffective assistance for 1) failing to file a motion to suppress the methamphetamine found during the traffic stop or otherwise raise Fourth Amendment issues surrounding the traffic stop[2], 2) failing to research and investigate the case fully, and 3) failing to file an appeal as directed. [Doc. 1]. The United States responds that Petitioner's counsel was not ineffective for failing to file a suppression motion as it would not have been successful, Petitioner has not provided factual support that his counsel failed to investigate or shown how an investigation might have altered the outcome of the case, and Petitioner has not provided factual support for his claim that he requested his counsel appeal his sentence. [Doc. 8]. Petitioner replies that the officer did not use radar to track Petitioner's speed so his counsel was ineffective for challenging it and that he does not have to provide the circumstances wherein he asked his counsel to file an appeal because his counsel had an affirmative duty to discuss the pros and cons of filing an appeal and she did not. [Doc. 12].

---

[2] Petitioner's motion enumerated five claims of ineffective assistance. [Doc. 1, p. 4]. The Court has grouped numbers 1, 2, and 5 into one claim as they all refer to counsel's failure to file a suppression motion regarding Petitioner's traffic stop.

10

Case 3:18-cr-00006-RLJ-DCP   Document 619   Filed 12/22/21   Page 10 of 15   PageID #: 4524

Failure to file a suppression motion may amount to ineffective assistance, but it is not ineffective assistance *per se. Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). To demonstrate ineffective assistance of counsel based on failure to file a motion to suppress, a petitioner must show that counsel's failure fell below an objective standard of reasonableness. *Id.* Additionally, Petitioner must demonstrate that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the outcome would have been different absent the excludable evidence. *Williams v. United States*, 632 F. App'x 816, 821 (6th Cir. 2015) (citing *Kimmelman*, 477 U.S. at 375).

It is axiomatic that a law enforcement officer may stop a vehicle upon reasonable and articulable suspicion that its occupants are involved in past or present unlawful activity. *Terry v. Ohio,* 392 U.S. 1, 88 (1968); *United States v. Roberts,* 986 F.2d 1026, 1030 (6th Cir.), *cert. denied,* 510 U.S. 900 (1993). Reasonable suspicion of an ongoing misdemeanor traffic offense is adequate justification for a traffic stop. A traffic stop, even if pretextual, is admissible under the Fourth Amendment as long as there is independent reasonable suspicion to believe that a traffic offense is being committed. *United States v. Bailey,* 302 F.3d 652, 656–657 (6th Cir. 2002) ("It is well established, however, that an officer's actual motivation for making a traffic stop is irrelevant to the constitutionality of that stop.") (citing, *inter alia, Whren v. United States,* 517 U.S. 806, 813 (1996), and *United States v. Hill,* 195 F.3d 258, 264 (6th Cir. 1999), *cert. denied,* 528 U.S. 1176 (2000)). While Petitioner has included the police citation [Doc. 12, p. 5], he has not included the report which the United States avers states that the officer used a radar gun to determine Petitioner's speed before pulling him over. [Doc. 8]. Violating the speed limit

11

would certainly provide probable cause to stop Petitioner's vehicle. Further, if the officer smelled marijuana as the United States avers the police report says, the officer would have had probable cause to search the vehicle without Petitioner's consent under the "automobile exception" to the Fourth Amendment's warrant requirement. *California v. Carney*, 471 U.S. 365, 392-93 (1985). Petitioner has not satisfied his burden to establish that a motion to suppress would have been successful. Accordingly, Petitioner is not entitled to relief on this ground.

Petitioner next faults his counsel for failing to fully investigate and research relevant law pertaining to Petitioner's case. This claim lacks specific factual support for the allegation as it fails to establish how counsel's alleged ineffectiveness prejudiced Petitioner in any way. Petitioner has not stated what relevant law counsel failed to investigate or research or how it would have made a difference in Petitioner's case. As a result, the Court can reject this contention as insufficient to sustain the motion. *See Ushery v. United States*, No. 20-5292, 2020 U.S. App. LEXIS 21840, at *3–4 (6th Cir. July 14, 2020). Accordingly, Petitioner is not entitled to relief on this ground.

Finally, Petitioner claims that his "counsel fail[ed] to file a notice of appeal upon request." [Doc. 1, p. 4]. Petitioner does not provide any further facts regarding this claim, and in fact, in his reply he asserts that he is not required to provide the Court with factual information regarding this claim because his counsel had an affirmative duty to discuss filing an appeal. [Doc. 12, pp. 1-2].

The seminal Supreme Court case on a failure-to-appeal claim of ineffective assistance is *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). The *Roe* Court applied

12

Case 3:18-cr-00006-RLJ-DCP Document 619 Filed 12/22/21 Page 12 of 15 PageID #: 4526

*Strickland*'s framework in reaching its decision, *id*. at 476-77, meaning that both components of the *Strickland* test apply to assertions that counsel failed to file an appeal. *Id*. at 477. Thus, under *Roe*, to establish that counsel rendered a deficient performance, Petitioner must show either (1) that counsel disregarded his instructions to file a notice of appeal or (2) that counsel failed to consult with him regarding an appeal when he knew or should have known that Petitioner might want to appeal. *Id*. at 478-80.

"[A] defendant's actual 'request' is still a critical element in the Sixth Amendment analysis." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *accord Campbell v. United States*, 686 F.3d 353, 359 (6th Cir. 2012) (observing that "if counsel had ignored the defendant's express instruction to file an appeal, such action amounts to a per se violation of the Sixth Amendment") (internal quotation marks omitted), and at 360 (determining whether petitioner has given "express instructions to proceed with an appeal" is a pivotal factual issue in resolving the claim). Here, Petitioner has not provided the Court with any details or facts to support Petitioner's conclusory statement that he requested his counsel file an appeal. Absent some scintilla of factual support, the Court cannot find that Petitioner gave "express instructions to proceed with an appeal," let alone that counsel was ineffective for ignoring Petitioner's instructions. Petitioner has simply not met his burden of proof regarding this claim.

In his reply, Petitioner asserts that counsel did not consult with him about filing an appeal. [Doc. 12]. However, in his § 2255 motion, Petitioner contends that "counsel fail[ed[ to file for an appeal, because [s]he stated that I had no issues to raise on direct appeal, but I did request an appeal." [Doc. 1, p. 3]. Thus, Petitioner has not established that counsel

13

failed to consult with him regarding an appeal. Accordingly, Petitioner is not entitled to relief on this ground.

For the reasons set forth above, Petitioner's Claim 1 will be **DENIED**.

### C. Non-Dispositive Motions [Docs. 11 & 14]

In his motion for an order granting his § 2255 motion, Petitioner alleges that the United States failed to timely respond to his § 2255 motion per the Court's prior order. [Doc. 11]. This allegation is contradicted by the record and not credited. On November 26, 2019, The United States requested an extension of time to file its response [Doc. 6] which the Court granted, and the United States had until December 9, 2019, to file its response. [Doc. 7]. The United States filed its response on December 9, 2019, which was in the timeframe authorized by the Court. [Doc. 8]. Accordingly, Petitioner's motion for order granting § 2255 motion [Doc. 11] will be **DENIED**.

Petitioner has also filed a motion to expedite, requesting the Court to rule on his § 2255 motion. [Doc. 14]. As the Court is addressing Petitioner's § 2255 claims in this memorandum and accompanying order, Petitioner's motion to expedite [Doc. 14] will be **DENIED as MOOT**.

### IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 361] will be **DENIED** and **DISMISSED**, Petitioner's motion to grant [Doc. 11] will be **DENIED**, Petitioner's motion to expedite [Doc 14] will be **DENIED as MOOT**.

### V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

    **IT IS SO ORDERED.**

    ENTER:

    s/ Leon Jordan
    United States District Judge